## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ASHLEY N. BURDETTE,**

      **Plaintiff,**

**v.**                                 **Case No. 1:22-CV-154 (Kleeh)**

**ALDI INC. (PENNSYLVANIA),**

      **Defendant.**

### AMENDED COMPLAINT

NOW COMES the Plaintiff, Ashley N. Burdette, and for her cause of action against the Defendant, ALDI Inc. (Pennsylvania), and states and alleges as follows, to-wit:

### PREFACE

1. Plaintiff, Ashley N. Burdette, (hereinafter referred to as "Plaintiff" and/or "Plaintiff Burdette") is an adult individual, who now and at all times relevant herein resides at 66 Bluegrass Vlg, Morgantown, Monongalia County, WV 26501.

2. Based upon information and belief, Defendant, ALDI Inc. (Pennsylvania), (hereinafter referred to as "Defendant ALDI") is a foreign for-profit corporation from the charter state of Pennsylvania; Defendant is an organization for retail trade, for food and beverages. Defendant is registered to conduct, contract, and transact business within the State of West Virginia. Defendant's notice of process address is C T Corporation System, 5098 Washington St. W Ste 407, Charleston WV 25313-1561.

3. Plaintiff was hired by the Defendant as a Store Associate on or about July 25, 2016.

4. Plaintiff was first hired to work at Defendant ALDI's 245 University Ave, Morgantown, Monongalia County, WV location.

5. Upon the opening of Defendant ALDI's 1536 Earl L. Core Road, Morgantown, Monongalia County, WV 26506 location, Plaintiff was transferred to that store.

1

6. At all times relevant herein, Plaintiff worked at Defendant ALDI's 1536 Earl L. Core Road, Morgantown, Monongalia County, WV 26506 location.

7. Throughout the duration of Plaintiff Burdette's employment with Defendant ALDI, Plaintiff Burdette consistently performed her duties in a satisfactory manner and met the reasonable expectations of the Defendant.

8. On or about January of 2020, Plaintiff Burdette was promoted to the position of Lead Store Associate.

9. On or about August 22, 2021, Plaintiff Burdette was standing in the cooler putting away milk. This involved a pickup and twist movement that resulted in an audible "pop" from her right knee.

10. On or about August 24, 2021, Plaintiff Burdette experienced swelling in her right knee and could not kneel down. She informed Theresa "Tea" James, the Assistant Store Manager, of the issue.

11. On or about August 30, 2021, Plaintiff Burdette spoke with Defendant ALDI's management in the office regarding her right knee injury and was instructed to fill out paperwork and seek treatment. Plaintiff Burdette did so.

12. On or about September 6, 2021, Plaintiff Burdette went for a follow up appointment where she received restrictions not to bend/stoop, kneel, or pull/push. She was also limited to only carrying/lifting 6-10 lbs. It was found that she had a tear to her meniscus, which led to a baker cyst on the back of her knee.

13. Upon learning of Plaintiff Burdette's restrictions, Defendant put Plaintiff Burdette on curb side and truck duty for the majority of her shifts. This involved loading cars with the same or similar lift and twist motion that caused the initial injury. This also involved lifting products that were out of the weight range permitted by the doctor.

14. On or about November 17, 2021, at around 10:30 AM, Plaintiff Burdette was in the cooler unloading products when she injured herself again. She fell on her injured knee and left hip. Though she was in severe pain, Plaintiff was put in a wheelchair for a short period of time and finished her shift at the register. The store was short staffed, so Plaintiff felt that she needed to stay and continue working through her pain. Plaintiff had to be helped to her position at the register and to her car after work.

15. Plaintiff Burdette sought medical attention after her shift ended. The doctor treated her for hip and back pain, along with checking her knee for further damages. She was ordered to be off work. Defendant was informed of this directive.

16. On or about December 23, 2021, Plaintiff Burdette went for a follow up appointment and received a doctor's note allowing her to return to work on light duty. It was requested that Plaintiff Burdette use her cane and perform sedentary work.

17. Plaintiff informed her employer of her doctor's advice, yet she was not placed on the schedule.

18. Plaintiff then tried to apply for different types of leave as the leave she was previously on was running out. She filed for FMLA, as Defendant ALDI would not accommodate to the restrictions her doctor recommended. She was not given additional leave.

19. On or about April 21, 2022, Plaintiff Burdette received a letter from Defendant ALDI approving her requested accommodations of using a cane and sedentary work. However, when Plaintiff Burdette called Human Resources, she was told that the letter was a mistake and that her request had been denied. Plaintiff Burdette did not receive any letter stating the same.

20. On or about June 14, 2022, Plaintiff Burdette submitted a doctor's note with the previously stated restrictions of sedentary work and use of a cane.

21. On or about June 16, 2022, Defendant ALDI's district manager, Heath Fienman, called Plaintiff and asked that she get updated medical information that did not include her use of a cane. Plaintiff Burdette advised him that she could not get that, as she needed to use the cane.

22. On or about June 20, 2022, Plaintiff Burdette received a letter from Defendant ALDI that there were no accommodations available. The letter further stated that if she could not return to work with no accommodations that she would be terminated, effective July 1, 2022.

23. On or about July 1, 2022, Defendant wrongfully, recklessly, carelessly, wilfully, wantonly and unlawfully terminated Plaintiff Burdette.

24. At all times relevant herein, Plaintiff Burdette performed all of her job duties in a satisfactory manner and any contention to the contrary is merely a pretext.

25. As a direct and proximate result of the acts and omissions described herein, Plaintiff Burdette was injured and damages as hereinafter set forth.

## COUNT I – DISABILITY DISCRIMINATION

26. Plaintiff Burdette hereby re-alleges each and every allegation contained in paragraphs one (1) through twenty-five (25) as if fully restated herein.

27. Plaintiff Burdette suffered injuries to her knee and back resulting from her work injuries that occurred on August 22, 2021, and November 17, 2021. These physical injuries to her back, hip, and knee have affected her ability to work and have impacted life activities.

28. Based upon information and belief, Defendant had actual and/or constructive knowledge of said disabilities.

29. Plaintiff Burdette was treated in a disparate manner based, at least in part, upon her disabilities; said disparate treatment includes but is not limited to unlawful termination.

30. Based upon information and belief, Defendant, had actual and/or constructive knowledge of said disparate treatment and acquiesced in and/or failed to take action to remedy the same.

31. Defendant discriminated against Plaintiff Burdette on the basis of her disabilities in violation of The West Virginia Human Rights Act [W.Va. Code 5-11-1 *et seq.*]. Based upon information and belief, the decision to terminate Plaintiff Burdette was based in part on her disabilities.

32. As a direct and proximate result of the acts and/or omissions described herein, Plaintiff suffered injuries, damages and losses as hereinafter set forth.

## COUNT II: FAILURE TO PROVIDE ACCOMMODATION

33. Plaintiff Burdette hereby re-alleges each and every allegation contained in Paragraphs one (1) through thirty-two (32) of the complaint as if fully rewritten herein.

34. Defendant was fully aware of Plaintiff's disability as previously described.

35. When Plaintiff informed Defendant that her physician had placed her on light duty, Plaintiff inquired about said light duty positions to accommodate her. Plaintiff Burdette specifically requested sedentary work and the use of her cane and time off.

36. Upon information and belief, Defendant could reasonably provide said accommodations. However, Defendant insisted they could not accommodate and terminated Plaintiff Burdette instead.

37. As a Store Associate, Plaintiff would have been able to complete required job duties with her requested accommodations of sedentary work, use of her cane, and time off. For example, Plaintiff could easily work at the cash register.

38. Further, Defendant failed to have proper policies and procedures in place and/or failed to train on the policies and procedures regarding: employees with disabilities, accommodations and getting those employees back to work.

5

39. As a direct and proximate result of the acts and/or omissions described herein, Plaintiff suffered injuries, damages and losses as hereinafter set forth.

## COUNT III: WORKER'S COMPENSATION DISCRIMINATION/RETALITORY DISCHARGE

40. Plaintiff Burdette hereby re-alleges each and every allegation contained in paragraphs one (1) through thirty-nine (39) as if fully restated herein.

41. At all times relevant herein, Plaintiff Burdette was engaged in filing for and/or receiving West Virginia Worker's Compensation benefits, an activity protected by W. Va. Code §23-5A-3.

42. Said worker's compensation claim was filed as a result of an injury/injuries that occurred within the course and scope of Plaintiff's employment with Defendant.

43. Defendant was aware Plaintiff Burdette was filing for and/or collecting West Virginia Worker's Compensation benefits.

44. Plaintiff's discharge was proceeded by her filing and collection of West Virginia Worker's Compensation benefits, within a time period that retaliatory discharge can be inferred.

45. Plaintiff did not commit any separate dischargeable offense and any contrary allegation is merely a pretext.

46. As a direct and proximate result of the acts and/or omissions described herein, Plaintiff Burdette suffered injuries, damages and losses as hereinafter set forth.

## COUNT IV: VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

47. Plaintiff hereby realleges each and every allegation contained in Paragraphs one (1) through forty-six (46) as if fully restated herein.

48. Plaintiff, having medical conditions, as described above, necessitated her taking time off of work.

49. Defendant had a legal obligation to inform Plaintiff of and determine Plaintiff's

FMLA eligibility.  If eligible, to offer Plaintiff FMLA leave when she needed time off work for a medical condition. However, Defendant failed to properly offer Plaintiff leave and then retaliated against her for needing time off work for medical issues.

50. Defendant unlawfully interfered with, restrained, and/or denied Plaintiff Burdette the exercise of her FMLA rights.

51. As a direct and proximate result of the actions and inactions of Defendant as herein alleged, Plaintiff was caused to suffer damages and losses as hereinafter set forth.

## COUNT V: WRONGFUL TERMINATION

52. Plaintiff Burdette hereby re-alleges each and every allegation contained in Paragraphs one (1) through fifty-one (51) of the complaint as if fully rewritten herein.

53. Based upon information and belief, Defendant based their decision to terminate Plaintiff Burdette at least in part due to her injury, filing of Worker's Compensation, and her request for an accommodation. Thus, Plaintiff was terminated wrongfully and in violation of West Virginia law.

54. Plaintiff Burdette did not commit any separate dischargeable offense and any contrary allegation is merely a pretext.

55. As a direct and proximate result of the acts and omissions described herein, Plaintiff Burdette was injured and damaged as hereinafter set forth.

## COUNT VI: TORT OF OUTRAGE

56. Plaintiff Burdette hereby re-alleges each and every allegation contained in Paragraphs one (1) through fifty-five (55) of the complaint as if fully rewritten herein.

57. After her initial workplace injury, Plaintiff Burdette was in a state of turmoil and confusion as she was given contradictory information from Defendant in the form of letters granting her request for accommodation only to later be told those accommodations were not available and fired.   Plaintiff believes her friend Monica

Zinn was told to withhold information from her. Plaintiff's access to a place where she believed she was employed was restricted when Defendant required her to turn in her store keys.

58. Though she was not previously in therapy or on medication related to her mental health, Plaintiff started attending therapy and taking medications for her mental health after her workplace injury, caused by the acts and/or omissions of Defendant.

59. The actions against Plaintiff Burdette by Defendant, as set forth herein, was done in an outrageous manner and was so extreme as to be intolerable in a civilized society.

60. The wrongful employment acts and/or omissions taken against Plaintiff Burdette by Defendant, as set forth herein were done in an outrageous manner and were so extreme as to be intolerable in a civilized society.

61. As a result of the outrageous, wrongful actions aforesaid, Plaintiff Burdette has suffered damages as hereinafter set forth,

WHEREFORE, Ashley N. Burdette, demands judgment against ALDI Inc. (Pennsylvania), in an amount in excess of the minimum jurisdictional limits of compensatory damages, plus interest and costs and such further relief as a Court or jury may find just. Defendant's conduct was malicious, wilful, wanton and done with a reckless disregard for Plaintiff's rights; and thereby caused Plaintiff to suffer all of the injuries and damages hereinbefore set forth for which Defendant should be required to respond in punitive damages. The acts of the Defendant as described in each count of this Complaint are so outrageous and were done with reckless indifference as to Plaintiff Burdette's civil rights and West Virginia public policy and Plaintiff Burdette was wrongfully injured and damaged as a direct and proximate result of the Defendant aforesaid conduct which caused Plaintiff to suffer all of the injuries and damages hereinafter set forth for which the Defendant should be required to respond in punitive damages. Together with punitive damages against the

Defendant, in an amount that will punish Defendant from committing this type of conduct in the State of West Virginia in the future, and by setting an example, deter others from committing this type of conduct in the State of West Virginia in the future and in such amount as will satisfy all other reasons of law and public policy for an award of punitive or exemplary damages; and Plaintiff further prays for an award of attorney fees, costs, interests, and for such other relief as the Court or jury deems just.

**<u>PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES</u>**

Respectfully submitted,
Ashley N. Burdette


 _/s/ Karl Kolenich, Esq._____
Of Counsel

Karl Kolenich, Esq. (12446)
Klie Law Offices, PLLC
21 E. Main Street, Suite 160
Buckhannon, WV 26201
(304)472-5007
Facsimile: (304) 472-1126
karl@klielawoffices.com

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ASHLEY N. BURDETTE,**

      **Plaintiff,**

**v.**                             **Case No. 1:22-CV-154 (Kleeh)**

**ALDI INC. (PENNSYLVANIA),**

      **Defendant.**

## CERTIFICATE OF SERVICE

    I hereby certify that on this 10th day of January 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECFR system, which will send notification of such filing to the following:

Erin J. McLaughlin, Esq.
Buchanan Ingersoll & Rooney LLP
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219

                         Respectfully submitted,
                         Ashley N. Burdette

                         */s/ Karl Kolenich, Esq.*
                         Of Counsel

Karl Kolenich, Esq. (12446)
Klie Law Offices, PLLC
21 E. Main Street, Suite 160
Buckhannon, WV 26201
(304)472-5007
Facsimile: (304) 472-1126
karl@klielawoffices.com

10