UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ASHLEY N. BURDETTE,

      **Plaintiff,**

v.                                                                   Case No. 1:22-CV-154 (Kleeh)

**ALDI INC. (PENNSYLVANIA)**

      **Defendant.**

## PLAINTIFF'S RESPONSE IN OPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND SUPPORTING BRIEF

NOW COMES the Plaintiff, Ashley N. Burdette, in opposition to the Defendants' Motion to Dismiss Plaintiff's Amended Complaint. Plaintiff's Amended Complaint adequately addresses all pleading and formatting concerns and arguments regarding Defendant's objections therefore rendering them moot. Plaintiff responds to Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Supporting Brief in support of Plaintiff's sufficiently and plausibly pled claims.

**I.     STATEMENT OF FACTS**

Plaintiff began working for ALDI in 2016, received a promotion, and never committed any dischargeable offense. Compl. ¶4, 9, 10, 26, 46, & 54. Nevertheless, she was terminated on July 1, 2022. Compl. ¶25. The termination came after multiple workplace injuries, denied leave requests, denied requests for accommodation, and other discriminatory actions and inactions as outlined in the Complaint.

On August 22, 2021, Plaintiff was injured while putting away milk in the ALDI cooler. Compl. ¶11. By August 24, 2021, Plaintiff was experiencing swelling in her right knee which restricted her ability to kneel, so she reported the issue to an assistant store manager at ALDI. Compl. ¶12. On August 30, 2021, Plaintiff further reported the knee issue to ALDI's management who told her

to fill out paperwork and seek treatment. Compl. ¶13. Plaintiff followed this directive. *Id*. Plaintiff went to a follow-up appointment on September 6, 2021, where she was told not to bend/stoop, kneel, pull/push, or carry/lift more than 10 pounds. Compl. ¶14. Plaintiff was diagnosed with a tear to her meniscus, which led to a baker cyst in the back of her knee. *Id*. After being informed of these restrictions, ALDI put Plaintiff on curb side and truck duty for most of her shift. Compl. ¶15. This did not comply with her restrictions because it involved lifting products that were out of the weight range permitted by the doctor. *Id*.

On November 17, 2021, Plaintiff was again lifting products in the cooler when she fell, hitting her right knee and left hip. Compl. ¶16. Knowing Plaintiff was in severe pain, ALDI put Plaintiff in a wheelchair and then she was assigned to finish her shift at the register. *Id*. The pain consisted through the shift so that she needed to be helped to her vehicle at the end of her shift. *Id*. Plaintiff sought medical treatment after her shift for the hip and back pain she was experiencing. *Id*. Plaintiff's doctor ordered her to be off work, and ALDI was informed of the same. Compl. ¶17. On December 23, 2021, Plaintiff's doctor approved her to go back to work on light duty which would entail the use of a cane and sedentary work. Compl. ¶18. Plaintiff told ALDI of this new directive, but she was not put on the schedule to work. Compl. ¶19. Therefore, Plaintiff requested more leave, including FMLA, which was denied. Compl. ¶20.

On April 21, 2022, Plaintiff received correspondence from ALDI stating that her requested cane and sedentary work accommodation was approved. Compl. ¶21. However, ALDI human resources verbally told her this letter was a mistake and that her request had been denied. *Id*. On June 14, 2022, Plaintiff submitted a doctor's note detailing the cane and sedentary work restriction. Compl. ¶22. On June 16, 2022, ALDI, through a district manager, requested medical information that allowed her to work without a cane. Compl. ¶23. Of course, Plaintiff could not provide this

because she needed the cane. *Id*. On June 20, 2022, Plaintiff received a letter from ALDI stating that there were no accommodations available and that she would be terminated on July 1, 2022, if she could not work without accommodations. Compl. ¶24.

Count I of the Complaint is Disability Discrimination and it incorporates all facts and paragraphs previously stated in the Complaint. Compl. ¶28. Plaintiff was disabled because the injuries she sustained limited her ability to work. Compl. ¶29. ALDI knew of Plaintiff's disabilities. Compl. ¶30. ALDI treated Plaintiff in a disparate manner based at least in part on her disabilities and did not take action to stop such treatment. Compl. ¶31 & 32. The treatment included but ***was not limited to*** unlawful termination. *Id*. ALDI discriminated against Plaintiff for her disabilities in violation of The West Virginia Human Rights Act. Compl. ¶33.

Count II of the Complaint is Failure to Provide Accommodation, and it incorporates all facts and paragraphs previously stated in the Complaint. Compl. ¶35. ALDI was aware of the disabilities Plaintiff had and necessary accommodations that ALDI denied. Compl. ¶36, 37, & 38. ALDI could have reasonably provided the accommodations which included cane use, sedentary work, and time off; yet ALDI did not provide the necessary accommodations. Compl. ¶37-38. ALDI did not have proper policies for employees with disabilities, accommodations, and getting employees back to work; and/or ALDI failed to properly train employees on these policies. Compl. ¶39.

Count III of the Complaint is Workers Compensation Discrimination/Retaliatory Discharge, and it incorporates all facts and paragraphs previously stated in the Complaint. Compl. ¶41. At all times relevant to the Complaint Plaintiff was filing or receiving West Virginia Worker's Compensation benefits, a protected activity under W.Va. Code §23-5A-3. Compl. ¶42. This worker's compensation claim was filed as a result of the injuries that occurred in the course and scope of Plaintiff's employment with ALDI, and ALDI was aware of the same. Compl. ¶43-44.

The time period between filing workers compensation and termination was such as to imply retaliatory discharge. Compl. ¶45.

Count IV of the Complaint is Violation of the Family Medical Leave Act, and it incorporates all facts and paragraphs previously stated in the Complaint. Compl. ¶48. ALDI had a legal duty to inform Plaintiff of and offer Plaintiff FMLA leave when she needed time off work for medical conditions, but ALDI did not offer leave and retaliated against her for needing time off work. Compl. ¶49.

Count V of the Complaint is Wrongful Termination, and it incorporates all facts and paragraphs previously stated in the Complaint. Compl. ¶52. Plaintiff was terminated in violation of West Virginia law based on her injury, filing workers compensation, and request for accommodation. Compl. ¶53.

The final count is Count IV, Tort of Outrage, and it incorporates all facts and paragraphs previously stated in the Complaint. Compl. ¶56. Plaintiff was given contradictory information from ALDI, her friend was told to withhold information from her, and access to her place of employment was restricted. Compl. ¶57. Plaintiff had to start attending therapy and taking medication for her mental health after her workplace injury. Compl. ¶58. The actions taken against Plaintiff by ALDI were done in an outrageous manner and was so extreme as to be intolerable to civilized society. Compl. ¶59 & 60. These acts resulted in Plaintiff suffering the damages stated within the Complaint. Compl. ¶61.

Though Plaintiff alleged punitive damages, it is not a separate count as evidenced by the lack of enumeration. Plaintiff has pled facts in her Complaint to establish that punitive damages are appropriate because of ALDI's malicious, willful, wanton, and reckless disregard for Plaintiff's civil rights. Compl. ¶63.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal based upon a "failure to state a claim upon which relied can be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiently of the plaintiff's complaint. See *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Accordingly, a 12(b)(6) motion ought not to be granted unless "it *appears beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). To successfully oppose a Rule 12(b)(6) motion, a Plaintiff Complaint must "contain sufficient factual matter, accepted as true to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Generally, a Plaintiff's Complaint need only satisfy the "simplified pleading standard" of Federal Rule of Civil Procedure 8(a) requiring a "short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). The purpose of a 12(b)(6) motion is to test the legal sufficiency of a Complaint, not the underlying facts. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Therefore, when reviewing the motion, the court must consider the allegations in the Plaintiff's Complaint as true. *Albright v. Oliver*, 510 U.S. 266, 268 (1994). And the court must construe all factual allegations in the light most favourable to plaintiff. See *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. V. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court must disregard the contrary allegations of the opposing party. See *A.S. Abell Co. v. Chell,* 412 F.2d 712, 715 (4th Cir. 1969),

## III.  ARGUMENT

    **A. Plaintiff's Disability Discrimination Claims for Disability Discrimination (Count I) And Failure To Accommodate (Count II) Should Not Be Dismissed.**

> i. **Plaintiff's disability discrimination claim should be upheld because she has sufficiently pled she is a Qualified Individual with a Disability and provided sufficient facts to support she was discriminated against based on a disability.**

Defendants allege in their Brief in Support of Motion to Dismiss Plaintiff's Amended Complaint that Plaintiff is not a qualified individual with a disability. EEC 6, p. 5. However, a qualified individual is one who can perform the essential nature of the job, *with* or without *reasonable accommodation. Baisden v. W. Va. Secondary Sch. Activities Comm'n*. 211 W. Va. 725, ft. nt. 9. (2002). Disability is ". . . .a mental or physical impairment which substantially limits one or more of such person's major life activities, such as functions of caring for oneself, performing manual tasks, walking, seeking, hearing, speaking, breathing, learning, and working. . ." *Woods v. Jefferds Corp.*, 241 W. Va. 312 (February 28, 2019); W. Va. Code § 5-11-1 et seq.

Further, Defendant supports their arguments citing *Hosaflook v. Consolidation Coal Co.*'s test for a proper *prima facie* case plead by the Plaintiff. (*Hosaflook v. Consolidation Coal Co*. 497 S.E.2d. 174, 178-79 (W.Va. 1997)). However, in this case the trial court granted *summary judgment* on the claims. The Defendant continues to support their position with the use of *Crabill v. Charlotte Mecklenburg Bd. Of Educ*. which states "[T]he ADA does not require an employer to reallocate essential job functions or assign an employee permanent light duty". *Crabill v. Charlotte Mecklenburg Bd. Of Educ.*, 423 F. App'x 314, 323 (4th Cir. 2011) Again, the claims of this case were dismissed on *summary judgment*.

Plaintiff does not contest she must sufficiently assert these factors to be considered a Qualified Individual with a Disability however, the Defendant's use of these cases for dismissal of Plaintiff's claim is premature. It is imperative, and supported by case law, that the Plaintiff be provided the opportunity for discovery to further develop her facts and supporting evidence as to why she is considered a Qualified Individual with a Disability.

Moreover, Plaintiff laid an extensive timeline in her Amended Complaint that implies she was terminated because of her disability. Importantly, Plaintiff pled that she received a letter from ALDI stating that she would be terminated on July 1, 2022, unless she could work without accommodation. Plaintiff was then terminated on this date. Defendants overlook the already pled facts which support Plaintiff's discharge being given because of her disability. Through discovery Plaintiff can further support these already pled sufficient facts in support of her termination because of her disability. Defendant cites to *Judy v. Eastern West Virginia Community and Technical College* in support of Plaintiff insufficiently pleading her claim to survive a Motion to Dismiss. However, it was found in *Judy* that the trial court erred in granting the Respondent's Motion to Dismiss because the Petitioner alleged facts which gave rise to an *inference* of discrimination. *Judy v. Eastern West Virginia Community and Technical College,* 874 S.E.2d 285 (W.Va. 2022). Plaintiff has successfully pled a multitude of facts which rise beyond an inference of discrimination.

> ii. **Plaintiff has stated a claim for failure to accommodate under the WVHRA because Defendant had a duty to make this accommodation and the accommodations would have allowed her to perform the essential functions of her job.**

The duties and responsibilities of a lead store associate are both different and tailored to the strengths and weaknesses of each lead associate. Plaintiff has pled that when the previous accommodation was made by ALDI permitting her to work at the cash register while being placed in a wheelchair she was able to perform her tasks and essential functions to her job. Additionally, by the date of termination Plaintiff had much more mobility than at initial injury using a cane instead of a wheelchair and thus had further ability to preform her essential functions as a lead associate. Defendant continues to reference the "essential functions" of the job that Plaintiff was in the role of and her inability to preform them. No discovery has been performed to provide the

Defendant with a proper list of these essential functions. Nor has Defendant provided any information which states they properly accessed Plaintiff's disability and made effort to accommodate her in her lead associate role or informed Plaintiff of other positions in the company she could consider transferring to.

Under West Virginia Human Rights Commission, "When an individual acquires a disability in the course of employment, the employer shall, if possible, through reasonable accommodation, continue the individual in the same position, or may resign the employee to a new position for which she/he is qualified for which, with training, she/he may become qualified. W. Va. Code . R. § 77-1-4 "If . . . an employee is discriminated against in any term, condition, or privilege of employment, because of a disability, the burden shall be upon the employer to establish that the refusal or discrimination was based upon a bona fide occupational qualification, or that, even with reasonable accommodation, the employee would be unable safely and adequately to perform the essential functions of the job, or that employment of an individual with a disability would impose an undue hardship upon the employer . . ." *Id*. A regulation that is proposed by an agency and approved by the Legislature is a "legislative rule" as defined by the State Administrative Procedures Act, W. Va. Code 29A-1-2(d) (1982), and such a legislative rule has the force and effect of law. (*Smith v W. Virginia. Human Rights Commn.,* 602 SE2d 445 (W Va 2004)) Therefore, Defendant cannot allege that the Plaintiff insufficiently pled she was able to perform the essential functions of her job with or without a reasonable accommodation because Defendant has not made a showing sufficient to meet their burden of proof.

**B. Plaintiff's Claim For Retaliation (Count III) Should Not Be Dismissed.**

Plaintiff's Amended Complaint includes the fact that states, "Plaintiff's discharge was proceeded by her filing and collection of West Virginia Workers' Compensation benefits. . ." EFC. 6, p. d. This corrected any of the Defendant's prior pleading concerns.

The Supreme Court of Appeals of West Virginia established the following test for a claim under West Virginia Code § 23-5A-1:

> In order to make a prima facie case of discrimination under W. Va. Code § 23-5A-1, the employee must prove that: (1) an on-the-job injury was sustained; (2) proceedings were instituted under the Workers' Compensation Act, W. Va. Code § 23-1-1 et. seq.; and (3) the filing of a workers' compensation claim was a significant factor in the employer's decision to discharge or otherwise discriminate against the employee.

*Powell v. Wyoming Cablevision, Inc.,* 184 W. Va. 700 (W. Va. 1991)

Plaintiff has pled her facts directly to the language of the Workers' Compensation Act. She describes all of her injuries alleged in the fact pattern to have occurred "on-the-job". In no instance does Plaintiff state these injuries occurred "within the scope", "within the course", or in any way adjacent to directly occurring "on-the-job". Additionally. Plaintiff states she did not commit any other any other dischargeable offenses during her time at ALDI.

Plaintiff's allegation of retaliation is one of an entirely plausible claim under section one of the West Virginia Workers' Compensation Act. Plaintiff pleads directly to element one that her knee injury occurred not once but twice during her working shift at ALDI. She further supports the second element by stating that she was filing for workers' compensation benefits. EFC. 6, p. d. Plaintiff pleads directly to the third element by the facts that she was able to preform her working duties when accommodation was made available to her, at the time of her discharge she was using a cane instead of a wheelchair as a walking aid, and the proximity of her discharge between her workers' compensation claim and her termination from ALDI. Plaintiff's claims are factual

allegations which support a plausible claim under the West Virginia Workers' Compensation Act and therefore require further discovery.

### C. Plaintiff's Claim For Violation Of The Family And Medical Leave Act (Count IV) Should Not Be Dismissed.

Plaintiff stated in her Complaint that she would contact McGinley, an agent of ALDI, regarding accommodation requests. Later, Plaintiff pled that accommodation requests included time off. At this stage of litigation, Plaintiff needs to merely outline elements of her claim. *John W. Lodge Distrib. Co.*, 161 W. Va. 603, 604-605 (1978). Plaintiff has sufficiently done so. Again, only through discovery can Plaintiff further develop the facts which support the outlined elements of her claim.

As Defendant has admitted in their brief, Plaintiff pled that Defendant has a legal obligation to inform Plaintiff of and offer her Federal Medical Leave Act benefit. Defendant interfered with Plaintiff's exercise of her FMLA rights, these actions damaged Plaintiff, Plaintiff applied for and was denied FMLA, and Plaintiff's previous leave type was running out. EFC 6. P. 10-11. Furter, Plaintiff clearly pled that she had a serious health condition because she pled that she experienced hip, back, and knee pain, that she had a torn meniscus and cyst, and that she had a doctor's note confirming this injury in addition to stating her need for work restrictions. To provide the articulation which Defendant requests onto these facts discovery must be conducted to support them.

### D. Plaintiff's Claim For Wrongful Termination (Count V) Should Not Be Dismissed.

Plaintiff does not contest that WVHRA claims and Harless claims cannot be collected on simultaneously as Defendants have alleged. EFC. 6. P. 11. However, there is no restriction on pleading a *Harless* claim in the alternative. This is what Plaintiff has done. Plaintiff understands

that she may not collect on her wrongful termination claim if her WVHRA claims succeed. However, if her other claims do not succeed, Plaintiff wishes her Wrongful Termination claim to survive. She has pled enough facts to show that her rights were violated in contradiction to public policy. Specifically, she has pled that she was treated disparately and terminated based on her disability, accommodation requests, FMLA requests, and Workers Compensation requests. Treating Plaintiff disparately for any of these reasons would be a violation of long-established public policies. Therefore, Plaintiff ped sufficient facts to support her Wrongful Termination claim.

### E. Plaintiff's Claim For The Tort Of Outrage (Count VI) Should Not Be Dismissed.

For a Plaintiff to successfully plead facts to support the elements for a claim of Tort of Outrage she only need *imply* outrageous conduct during these early stages of litigation. Further, dismissal of this claim is only appropriate when no genuine issues of material fact exists through a Motion for Summary Judgment. Therefore, dismissal of this claim for Tort of Outrage would be premature to the development of these facts and should advance to discovery.

To succeed on her outrage claim, the Plaintiff must establish:

(1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it."

(*Long v M&M Transp., LLC*, 44 F Supp 3d 636, 649 (N.D. W. Va. 2014)).

The conduct giving rise to the cause of action is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. (*Garrett v Viacom, Inc.*, 2003 US Dist LEXIS 21007,

at 1). Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!" *Id*. Additionally, Extreme and outrageous conduct for purposes of intentional infliction of emotional distress may arise from the defendant's abuse of a position of authority or special relationship with the plaintiff. *Id*. Application of this theory, however, appears limited to employer-employee situations. *Id*.

Plaintiff has pled that not only were the actions of Peter McGinley, acting as an agent of ALDI, were obnoxious and rude, but these actions caused Plaintiff to endure much more suffering than could be reasonable expected of an employee in the workplace. Plaintiff pled that ALDI had her placed into a wheelchair due to her extreme pain from a workplace injury just to finish working her shift. Additionally, Plaintiff remained in so much pain and suffering at the end of her shift that she had to be lifted and helped into her car after work. Additionally, Plaintiff pled that her friend and co-worker was instructed to withhold information from her, and she was not allowed possession of keys to her place of employment when occupying a position of lead store associate which would be essential for her to conduct the duties of her position. These facts, at the least, support that the defendant abused his power of authority with the plaintiff and further facts through discovery are needed to establish if these actions rise to the level of outrageous.

Moreover, Plaintiff has pled that she needed therapy and mental health medication after her work place injury and termination of employment at ALDI. Prior to this incident Plaintiff did not need these services. Therefore, Plaintiff's Tort of Outrage claim should continue to discovery.

## IV. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Honourable Court DENY Defendant's Motion to Dismiss Plaintiff's Amended Complaint and any remedy this Court see fit.

Respectfully submitted,
Ashley N. Burdette

 /s/ Karl Kolenich, Esq.
Of Counsel

Karl Kolenich, Esq. (12446)
Klie Law Offices, PLLC
21 E. Main Street, Suite 160
Buckhannon, WV 26201
(304)472-5007
Facsimile: (304) 472-1126
karl@klielawoffices.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ASHLEY N. BURDETTE,**

      **Plaintiff,**

v.                                Case No. 1:22-CV-154 (Kleeh)

**ALDI INC. (PENNSYLVANIA)**

      **Defendant.**

### CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECFR system, which will send notification of such filing to the following:

           Erin J. McLaughlin, Esq.
           Buchanan Ingersoll & Rooney LLP
           Union Trust Building
           501 Grant Street, Suite 200
           Pittsburgh, PA 15219

                                      Respectfully submitted,
                                      Ashley N. Burdette

                                       _/s/ Karl Kolenich, Esq._
                                      Of Counsel

Karl Kolenich, Esq. (12446)
Klie Law Offices, PLLC
21 E. Main Street, Suite 160
Buckhannon, WV 26201
(304)472-5007
Facsimile: (304) 472-1126
karl@klielawoffices.com