**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| ASHLEY N. BURDETTE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:22-CV-154 (Kleeh) |
| | ) | |
| v. | ) | |
| | ) | |
| ALDI INC. (PENNSYLVANIA), | ) | |
| | ) | ELECTRONICALLY FILED |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff did not file her opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss") in accordance with the time prescribed by the applicable Rules of Civil Procedure and, as a result, it should be stricken from the record and not considered. But, even if considered, Plaintiff's Opposition makes clear that there is no legal or factual basis to oppose Defendant's Motion to Dismiss, and Plaintiff's Amended Complaint should be dismissed.

**I.      PLAINTIFF'S UNTIMELY OPPOSITION TO ALDI'S MOTION TO DISMISS SHOULD BE STRICKEN.**

Plaintiff filed her Amended Complaint on January 10, 2023. In accordance with Fed. R. Civ. P. 15(a)(3), Defendant, ALDI Inc. (Pennsylvania) ("ALDI"), filed its Motion to Dismiss Plaintiff's Amended Complaint on January 24, 2023. *See* ECF 12-13. Pursuant to L.R. Civ. P. 7.02(b)(1), Plaintiff had 14 days – until February 7, 2023 – to file her opposition. Plaintiff did not file her opposition by February 7, 2023. Instead, without leave of Court, Plaintiff filed her opposition to ALDI's Motion to Dismiss on February 8, 2023. *See* ECF 15. Accordingly, Plaintiff's opposition should be stricken as untimely, and ALDI's Motion to Dismiss should be deemed unopposed. *See Honaker v. Town of Sophia, et. al*., No. 15-03483, 2015 WL 4660082,

at *2 (S.D. W.Va., Aug. 5, 2015) (granting the defendants' motion to strike the plaintiff's untimely filed response to their motion to dismiss because "[a]ccepting the Plaintiff's untimely filing in this case would permit parties to set their own deadlines according to their own logic and convenience.")

## II.   PLAINTIFF RELIES ON AN OUTDATED PLEADING STANDARD IN ARGUING THAT HER INSUFFICIENT PLEADING ADEQUATELY STATES A CLAIM FOR RELIEF.

To excuse her insufficient pleading, Plaintiff cites *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) for the principle that "a 12(b)(6)[sic] motion ought not to be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" ECF 15, p. 5.  This "no set of facts" test, however, was "retired" in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  *See Ashcroft v. Iqbal,* 556 U.S. 662, 670 (2009) (confirming the "retirement" of the "no set of facts" test).

Post-*Twombly*, to survive a motion to dismiss, a plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678.  Moreover, a pleading that merely contains "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" is insufficient to meet the requirements of Fed. R. Civ. P. 8.  *Id.*  Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 570).  Applying the correct standard, Plaintiff's Amended Complaint fails to state a claim against ALDI upon which relief can be granted.

III.   **EVEN CONSIDERING PLAINTIFF'S UNTIMELY OPPOSITION, PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF AND SHOULD BE DISMISSED IN ITS ENTIRETY.**

A.   **Plaintiff's Disability Discrimination Claim Should Be Dismissed Because She Has Not Pled She Is A Qualified Individual With A Disability.**

Plaintiff's opposition makes clear that she cannot plead that she is a qualified individual with a disability.  ECF 15, p. 6.  Rather, Plaintiff claims that she should be afforded discovery to "develop her facts and supporting evidence as to why she is considered a Qualified Individual with a Disability." *Id*.  This is inconsistent with Plaintiff's pleading obligations to plead facts from which one could plausibly conclude that she is a qualified individual with a disability. *See Crow v. McElroy Coal Co.*, 290 F.Supp.2d 693, 697, 700 (N.D. W.Va., June 24, 2003) (dismissing plaintiff's ADA claim under F. R. Civ. P. 12(b)(6) because he had not pled facts to establish that he was a qualified individual with a disability given that he had not pled that his doctor had released him to return to work at the time of the termination).

Plaintiff attempts to deflect attention from her pleading deficiencies by misrepresenting ALDI's reliance on *Hosaflook v. Consolidation Coal Co.,* 497 S.E.2d 174 (W. Va. 1997) to support her position that she has the right to conduct discovery on claims she has not sufficiently pled.  As an initial matter, ALDI cited *Hosaflook* merely for its recitation of the *prima facie* elements of disability discrimination under the West Virginia Human Rights Act ("WVHRA").  And, importantly, *Hosaflook* does not eliminate the requirement that, to survive a motion to dismiss, Plaintiff must adequately plead that she is a qualified individual with a disability.

Similar to her misplaced reliance on *Hosaflook,* Plaintiff claims she is entitled to conduct discovery on her insufficiently pled claims by pointing out that *Crabill v. Charlotte Mecklenburg Bd. of Educ.,* 423 F. App'x 314, 323 (4th Cir. 2011) was decided on summary judgment and not on a motion to dismiss.  Again, ALDI does not cite *Crabill* for the proposition that Plaintiff must

3

prove her case at the motion to dismiss stage; rather, ALDI cites *Crabill* for the legal principle that "the ADA does not require an employer to reallocate essential job functions or assign an employee permanent light duty." *Id*. Put simply, ALDI had no obligation to reallocate Plaintiff's essential job functions or assign Plaintiff a permanent light duty role. Given that Plaintiff does not plead that she was ever released to return to work in her lead store associate role, with or without an accommodation, or that she was able to perform the essential functions of the lead associate role, with or without an accommodation, she has not pled she is a qualified individual with a disability. ECF 11, ¶¶ 14-23.

Grasping at straws, Plaintiff points out that the court denied defendant's motion to dismiss in *Judy v. Eastern West Virginia Community and Technical College,* 874 S.E.2d 285 (W.Va. 2022). Again, ALDI cited *Judy* for the legal principle that, in her Amended Complaint, Plaintiff was required to plead facts giving rise to an inference of discrimination to successfully state a discrimination claim under the WVHRA. ECF 13, p. 6. In *Judy*, which involved age and gender discrimination claims, the court concluded that the plaintiff pled sufficient facts to create an inference of discrimination by pleading that she provided "competent, capable and loyal service to her employer" but was she was replaced by a younger male despite her performance. *Id*. at 291 (concluding that the plaintiff met the pleading standard when she pled that "she worked for Respondent for more than a year, that she was willing to travel to retain her position, and that the overall passage rate for her class was 99%"). In addition, the plaintiff in *Judy* alleged that "[m]ale students made comments that it could be a deterrent to [Eastern] having a female teach men" and that her replacement – aside from being not of her protected class – had less [] experience." *Id.* at 291-92.

Unlike the facts pled in *Judy*, Plaintiff has pled no facts from which to draw an inference that she was terminated based on any disability. In fact, aside from her own "information and belief" that the decision to terminate her was based on "her disabilities," Plaintiff has offered no facts to even suggest her termination was due to unlawful disability discrimination.  ECF 11, ¶ 31.  Accordingly, Plaintiff has failed to state a claim for disability discrimination under the WVHRA and her claim should be dismissed.

**B.     Plaintiff's Newly Asserted Fact Cannot Be Considered In Opposition To ALDI's Motion To Dismiss Her Failure To Accommodate Claim.**

In opposing ALDI's second motion to dismiss her failure to accommodate claim, Plaintiff relies on a factual assertion that she did not plead in either her original Complaint or in her Amended Complaint – that "[t]he duties and responsibilities of a lead store associate are both different and tailored to the strengths and weaknesses of each lead [store] associate." ECF 15, p. 7.

"[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."  *Greene v. Ballard*, No. 17-02897, 2020 WL 1482568, at *2 (S.D. W.Va., March 27, 2020).  Plaintiff had the opportunity to add factual allegations to her pleading in the Amended Complaint she filed in response to ALDI's first motion to dismiss on these issues but elected not to do so.  Accordingly, this Court's evaluation of ALDI's current Motion to Dismiss is limited to a review of the allegations in the Amended Complaint and not those allegations Plaintiff now asserts in opposition to ALDI's Motion to Dismiss.  *Goines v. Valley Community Service Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016).

Setting aside this new factual assertion that does not exist in Plaintiff's Amended Complaint, Plaintiff, in opposing ALDI's Motion to Dismiss, merely recites West Virginia Code provisions and concludes, without any support, that "Defendant cannot allege that the Plaintiff

insufficiently pled she was able to perform the essential functions of her job with or without a reasonable accommodation because Defendant has not made a showing sufficient to meet their [sic] burden of proof." ECF 15, p. 8. The conclusion is incoherent and not responsive to ALDI's argument that Plaintiff cannot state a claim for failure to accommodate because Defendant's duty to engage in the interactive process was not triggered, given that Plaintiff has not pled that she could perform the essential functions of her job with or without a reasonable accommodation. *See* ECF 13, pp. 7-8. Accordingly, Plaintiff's opposition makes clear that she has not adequately pled a failure to accommodate under the WVHRA.

> **C.      Plaintiff's Ever-Changing Claim For Workers' Compensation Retaliation Should Also Be Dismissed.**

In the Amended Complaint, Plaintiff conveniently changes the fact pled in her initial Complaint from the allegation that her "discharge was followed by her filing and collection of West Virginia Workers' Compensation benefits" to her "discharge was proceeded [sic] by her filing and collection of West Virginia Worker's Compensation benefits." *Cf.* ECF 1-2, ¶ 45 and ECF 11, ¶ 44. Notwithstanding that the insertion of the word "proceeded" does not cure the deficiency with respect to pleading causation, in her opposition, Plaintiff concedes that her allegations are a mere recitation of the elements of a *prima facie* case of retaliation under the West Virginia Workers' Compensation Act ("WVWCA"). ECF 15, p. 9 ("Plaintiff has pled 'facts' directly to the language of the Workers' Compensation Act").

Putting aside Plaintiff's recitation of the elements and her convenient change in facts, Plaintiff has not pled and cannot plead that her seeking and/or obtaining worker's compensation benefits was a "significant factor" in the decision to terminate her. Rather, Plaintiff claims she has pled this element "by the facts that she was able to preform [sic] her working duties when accommodation was made available to her, at the time of her discharge she was using a cane

instead of a wheelchair as a walking aid…"  ECF 15, p. 9.  This so-called "fact," however, has

nothing to do with whether the filing of a workers' compensation claim was a factor, let alone a

significant factor, in Plaintiff's separation.   Lastly, Plaintiff points to the temporal proximity

between her workers' compensation claim and her separation but, from the face of the Amended

Complaint, the only date Plaintiff claims to have filled out "paperwork" was on August 30, 2021,

more than ten months *prior* to her separation.  ECF 11, ¶ 11 (emphasis added).  A ten-month

period between Plaintiff's purported protected activity and her separation is simply too long to

plead the required causation. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)

(per curiam) (concluding that the passage of time alone cannot provide proof of causation unless

the "temporal proximity between an employer's knowledge of protected activity and an adverse

employment action" was "very close"); *Pascual v. Lowe's Home Centers, Inc.,* 193 Fed. Appx.

229, 233 (4th Cir. 2006) (holding that three to four months between the protected activity and

termination to be "too long to establish a causal connection by temporal proximity alone" in the

context of a Title VII retaliation claim); *Roberts v. Glenn Industrial Group, Inc.,* 998 F.3d 111,

123 (4th Cir. 2021) (recognizing in the Title VII context that a three-month period between the

protected activity and separation did not establish the requisite causal connection to support a

retaliation claim). Accordingly, Plaintiff has failed to state a claim for retaliatory discharge under

the WVWCA.

> **D.      Plaintiff's Claim For Violation Of The Family And Medical Leave Act Should Be Dismissed.**

In opposition to ALDI's Motion to Dismiss her Family and Medical Leave Act

("FMLA") claim, Plaintiff again relies on "no set of facts" pleading standard that was expressly

"retired" in *Twombly*.  *See* ECF 15, p. 10 (citing *John W. Lodge Distrib. Co.,* 161 W. Va. 603,

604-605 (1978)); *see also* Section B, p. 2 *supra*.  As set forth in in ALDI's Motion to Dismiss

and supporting brief, the Amended Complaint includes no facts plausibly alleging that Plaintiff

was FMLA eligible; that Defendant failed, if at all, to properly offer her FMLA leave; or that

Plaintiff was prejudiced because of any purported failure or action by Defendant.  ECF 13, pp.

10-11.  Plaintiff has, therefore, failed to state a claim for interference under the FMLA, and her

claim should be dismissed.

> **E.    Plaintiff's Claim For Wrongful Termination Should Be Dismissed Because It Is Preempted By Her WVHRA Claim.**

Plaintiff concedes that her *Harless* claim is duplicative of her WVHRA claims.  ECF 15,

p. 10 ("Plaintiff does not contest that WVHRA claims and Harless claims cannot be collected

[sic] simultaneously as Defendants have alleged").   However, Plaintiff claims, without any

support, that "there is no restriction on pleading a *Harless* claim in the alternative." *Id*.  Plaintiff

is wrong.   To the contrary, federal district courts in West Virginia "have interpreted the law

repeatedly as preventing a plaintiff from maintaining both a *Harless*-based common law action

and a WVHRA claim based on the same conduct." *Adkins v. Cellco Partnership, Inc*. No. 3:17-

2772, 2017 WL 2961377, at *3 (S.D. W.Va., July 11, 2017).  Moreover, in a last-ditch effort to

save this claim, Plaintiff, in her opposition brief, claims that her *Harless* claim is based in part on

ALDI's alleged interference with her FMLA rights.   ECF 15, p. 11. Plaintiff's Amended

Complaint, however, makes clear that her *Harless* claim is based only on the fact that she was

allegedly "terminated wrongfully and in violation of West Virginia law" and not based on any

deprivation of rights under the FMLA. *See* ECF 11, ¶¶ 53-55.  Accordingly, Plaintiff's *Harless*

claim is duplicative of her WVHRA claim and must be dismissed.

> **F.    Plaintiff's Claim For The Tort Of Outrage Should Be Dismissed.**

In her opposition brief, Plaintiff again fabricates allegations that were not pled in her

Amended Complaint.   Specifically, Plaintiff claims that she "has pled that not only were the

actions of Peter McGinley … obnoxious and rude, these actions caused Plaintiff to endure much more suffering than could be reasonable [sic] expected of an employee in the workplace."  ECF 15, p. 12.  These allegations simply are not present in the Amended Complaint.  *See,* generally, ECF 11.  Plaintiff also claims that ALDI had her "placed in a wheelchair due to her extreme paid from a workplace injury just to finish her shift" (ECF 15, p. 12), but the allegation in the Amended Complaint concedes that it was Plaintiff – not ALDI – who made the decision to keep working (ECF 11, ¶ 14 ("Plaintiff felt that she need to stay and continue working through her pain.")).  In fact, the only facts Plaintiff pled in support of her tort of outrage claim are (1) "she was given contradictory information from Defendant in the form of letters granting her request for accommodation…"; (2) she "believes her friend Monica Zinn was told to withhold information from her"; and (3) her "access to a place where she believed she was employed was restricted when Defendant required her to turn in her store keys," presumably upon separation from employment. Such allegations fall well short of pleading the required "outrageous" conduct to support a claim for the tort of outrage and, as a result, her claim should be dismissed.

## CONCLUSION

Respectfully, Plaintiff has failed to plead sufficient facts to maintain her Amended Complaint against Defendant.  For the reasons set forth herein and in ALDI's Motion to Dismiss and supporting brief, ALDI requests that Plaintiff's Amended Complaint be dismissed with prejudice.

Respectfully submitted,

/s/ *Erin J. McLaughlin*
Erin J. McLaughlin (WV 10464)
erin.mclaughlin@bipc.com

BUCHANAN INGERSOLL & ROONEY LLP
501 Grant Street, Suite 200
Pittsburgh, PA  15219-1410
Telephone: 412-562-8800
Fax:  412-562-1041

*Attorney for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of February 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Karl Kolenich, Esquire
karl@klielawoffices.com
Klie Law Offices, PLLC
21 E. Main Street, Suite 160
Buckhannon, WV 26201

/s/ *Erin J. McLaughlin*
Erin J. McLaughlin
erin.mclaughlin@bipc.com

Buchanan Ingersoll & Rooney LLP
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, Pennsylvania 15219
Telephone: 412-562-8800