IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


ASHLEY N. BURDETTE,

       Plaintiff,

v.                            CIVIL ACTION NO. 1:22CV154
                                   (KLEEH)

ALDI INC.,

       Defendant.


## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

Pending before the Court is Defendant ALDI, Inc.'s, Motion to Dismiss with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 12. Plaintiff filed her response in opposition [ECF No. 15] and Defendant ALDI, Inc. replied in support [ECF No. 16]. The motion is fully briefed and ripe for review. For the reasons discussed herein, the motion to dismiss is **GRANTED** and the case is **DISMISSED WITH PREJUDICE**.

### I.   PROCEDURAL BACKGROUND

On November 18, 2022, Plaintiff Ashley N. Burdette, ("Burdette") by counsel, filed her Complaint in Monongalia County, West Virginia, against Defendants ALDI, Inc., and Peter McGinley. ECF No. 1. On December 12, 2022, the defendants removed the action to the Northern District of West Virginia. Id.

MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

On January 10, 2023, Burdette filed an amended complaint, which removed Peter McGinley as a named defendant from this civil action. ECF No. 11. The Amended Complaint, which Defendant ALDI, Inc. ("ALDI") now challenges under Rule 12(b)(6), alleges six counts: (1) disability discrimination, (2) failure to provide accommodation, (3) workers' compensation discrimination/retaliatory discharge, (4) violation of the Family Medical Leave Act, (5) wrongful termination, and (6) tort of outrage. Id. Burdette seeks compensatory and punitive damages, attorneys' fees, costs, and interest, and a trial by jury. Id.


II.   **AMENDED COMPLAINT**

Burdette's Amended Complaint results from her alleged termination from employment as a Lead Store Associate at ALDI. Burdette sustained the first alleged injury while working a shift at ALDI's Earl L. Core Road location in Morgantown, Monongalia County, West Virginia. ECF No. 11, Am. Compl. ¶ 6-9. On August 22, 2021, Burdette was placing milk into a cooler, when there was "an audible 'pop' from her right knee." Id. ¶ 9. As a result of the knee injury, Burdette's doctor instructed her not to "bend/stoop, kneel, or pull/push . . . [and] . . . only [carry or lift] 6-10 lbs." Id. ¶ 12. ALDI placed Burdette "on curb side and truck duty

MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

for the majority of her shifts" after learning of these restrictions. Id. ¶ 13.

Burdette sustained her second alleged injury on November 17, 2021, after she fell while unloading products into a cooler. Id. ¶ 14. After she was injured, she sat in a wheelchair at a cash register. Id. Because the store was short staffed, "Plaintiff felt that she needed to stay and continue working through her pain." Id. She sought medical attention after she finished her shift, was treated for her hip and back pain, and was "ordered to be off work." Id. ¶ 15. ALDI was informed of Burdette's order to be off work. Id. ¶ 15.

Burdette had a follow up medical visit, where she gained clearance to return to work on light duty and was instructed to "use her cane and perform sedentary work." Id. ¶ 16. ALDI was again made aware of these instructions, but Burdette was never placed back on the work schedule. Id. ¶ 17. Burdette alleges she filed for FMLA because ALDI failed to accommodate her work restrictions. Id. ¶ 18. However, Plaintiff was not granted additional leave. Id. Burdette received a letter from ALDI "approving her requested accommodations of using a cane and sedentary work." Id. ¶ 19. However, Human Resources informed Burdette the approval letter was a mistake, and her accommodations request was denied. Id. Burdette

MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

alleges she never received a letter from ALDI stating its denial of accommodations. Id.

On or about June 14, 2022, Burdette submitted a doctor's letter to ALDI, which outlined her work restrictions of sedentary work and use of a cane. Id. ¶ 20. Two days later, Burdette alleges a district manager called her "and asked that she get updated medical information that did not include her use of a cane." Id. ¶ 21. When Burdette stated she was unable to fulfill that request, she "received a letter from Defendant ALDI that there were no accommodations available . . . [and] . . . further stated that if she could not return to work with no accommodations that she would be terminated, effective July 1, 2022." Id. ¶ 22. On July 1, 2022, ALDI terminated Burdette. Id. ¶ 23.

### III. LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal

MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).[1] Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 942, 952 (4th Cir. 1992).

> A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, <u>Jordan v. Alternative Resources Corp.</u>, 458 F.3d 332, 338 (4th Cir. 2006), considered with the assumption that the facts alleged are true, <u>Eastern Shore Mkts, Inc. v. J.D. Assocs. Ltd. P'ship</u>, 213 F.3d 175, 180 (4th Cir. 2000). And the legal sufficiency of a complaint is measured by whether it meets the standards for a pleading stated in Rule 8 (providing general rules of pleading), Rule 9 (providing rules for pleading special matters), Rule 10 (specifying pleading form), Rule 11 (requiring the signing of a pleading and stating its

---

[1] While Burdette cites to <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957) in her response brief [ECF No. 15 at 5], this Court – like all federal courts – utilizes the pleading standard set forth by the Supreme Court of the United States in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007).

MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

> significance), and Rule 12(b)(6) (requiring
> that a complaint state a claim upon which
> relief can be granted).

Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009).

## IV.  DISCUSSION

ALDI moves for Rule 12(b)(6) dismissal of each count of the amended complaint, arguing Burdette failed to state a claim for which relief can be granted. ECF No. 12. Burdette filed an untimely response in opposition, and ALDI replied in support. ECF Nos. 15, 16. The Court will discuss each of ALDI's Rule 12(b)(6) challenges to the Amended Complaint in turn.

### A. Count I – Disability Discrimination

To succeed on a claim for intentional discrimination, or disparate treatment, a plaintiff must establish she is "a member of a protected class," "that the employer made an adverse decision concerning the plaintiff," and "but for the plaintiff's protected status, the adverse decision would not have been made." Woods v. Jefferds Corp., 824 S.E.2d 539, 547 (W. Va. 2019). Because Burdette failed to establish she is a member of a protected class, i.e., a qualified individual with a disability, her discrimination claim fails.

The West Virginia Human Rights Act ("WVHRA") states

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS**

> [i]t shall be an unlawful discriminatory
> practice, unless based upon a bona fide
> occupational qualification, . . . for any
> employer to discriminate against an individual
> with respect to compensation, hire, tenure,
> conditions or privileges of employment if the
> individual is able and competent to perform
> the services required even if such individual
> is . . . disabled.

W. Va. Code Ann. § 5-11-9(1). To establish an employment
discrimination discharge based on disability under WVHRA, the
plaintiff must show the following three elements: "(1) he or she
meets the definition of [having a 'disability'], (2) he or she is
a 'qualified individual with a disability],' and (3) he or she was
discharged from his or her job." Morgan v. Mylan Pharm. Inc., No.
1:21-CV-141, 2023 WL 2026539, *3 (N.D.W. Va. Feb. 15, 2023)
(quoting Woods v. Jefferds Corp., 824 S.E.2d 539, 545 (W. Va.
2019)). A plaintiff must prove whether she is qualified. Id.
(citation omitted).

Indeed, "[n]o employer shall, on the basis of disability,
subject any *qualified individual with a disability* to
discrimination in employment as it relates to . . . termination."
W. Va. Code R. § 77-1-4.1.1, 77-1-4.1.2 (emphasis added). West
Virginia state regulations go on to define "qualified individual
with a disability":

> 4.2. "Qualified Individual with a Disability"
> means an individual who is able and competent,

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS**

> with reasonable accommodation, to perform the essential functions of the job, and if an employer has prepared a written description before advertising or interviewing applicants for the job, this description may be considered evidence of the essential functions of the job. A job function may be considered essential for several reasons, including but not limited to the following:
>
> 4.2.1. The function may be essential because the reason the employment position exists is to perform that function;
>
> 4.2.2. The function may be essential because of the limited number of employees available among whom the performance of that job function can be distributed; and/or
>
> 4.2.3. The function may be essential because of the amount of time spent on the job performing the function.

W. Va. Code R. § 77-1-4.2. "A '[qualified individual with a disability]' under the West Virginia Human Rights Act and the accompanying regulations is one who is able and competent, *with reasonable accommodation*, to perform the essential functions of the job in question." Woods, 824 S.E.2d at 546 (citations omitted).

The Court begins with Burdette's alleged disability. WVHRA defines "disability" as "a mental or physical impairment which *substantially limits* one or more of such person's major life activities," "[a] record of such impairment," or [b]eing regarded as having such an impairment." W. Va. Code § 5-11-3(m) (emphasis

**BURDETTE V. ALDI INC.**                                               **1:22CV154**

MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

added). "Major life activities" are "caring for one's self," and other functions such as "walking, seeing, hearing, speaking, breathing, learning, and working[.]" Id. § 5-11-3(m)(1). State regulation defines "substantially limits" as

> the inability to perform a major life activity that the average person in the general population can perform; [a] significant restriction as to the condition, manner or duration under which an individual can perform a particular major life activity[,] . . . but . . . does not include or mean minor temporary ailments or injuries.

W. VA. CODE R. § 77-1-2.5.

Burdette asserts she was injured at work twice, and that she sustained "a tear to her meniscus, which led to a baker cyst on the back of her knee.". ECF No. 11, Am. Compl. ¶¶ 9, 12, 14. However, Burdette has failed to plead sufficient facts supporting the contention that she was unable to walk, see, hear, speak, breathe, learn, work, or care for herself, generally. W. VA. CODE § 5-11-3(m)(1). Instead, Burdette generally asserted "[t]hese physical injuries to her back, hip, and knee have affected her ability to work and have impacted life activities." ECF No. 11, Am. Compl. ¶ 27. Other than identifying the aforementioned physical ailments, Burdette fails to allege how the injuries affected her abilities to perform major life activities such that she is disabled. There are no facts to support the allegation that

**BURDETTE V. ALDI INC.**                                              **1:22CV154**

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

Burdette was regarded as disabled. Based upon the facts pleaded in her Amended Complaint, Burdette failed to establish she suffers from a disability under WVHRA.

Similarly, Burdette fails to meet the definition of a qualified person with a disability. <u>Woods</u>, 824 S.E.2d at 545. In addition to failing to describe her alleged disability, Burdette has not alleged what the essential functions of the job are, much less whether she can perform them with reasonable accommodation. W. Va. Code R. § 77-1-4.2. Indeed, Burdette listed only her two job titles while employed by ALDI: store associate and lead store associate. ECF No. 11, Am. Compl. ¶ 3, 8. The Amended Complaint lacks sufficient facts to support a claim for disability discrimination because the plaintiff has failed to state she is a qualified individual with a disability; therefore, the motion to dismiss Count I is **GRANTED**. ECF No. 12.

### B. Count II – Failure to Provide Accommodation

To plead a claim of failure to accommodate, Burdette must show that (1) she is a qualified person with a disability; (2) ALDI was aware of her disability; (3) she required an accommodation to perform the essential functions of her job; (4) a reasonable accommodation existed that met Burdette's needs; (5) ALDI knew or should have known Burdette's need and of the accommodation; and (6) ALDI failed to provide the accommodation. <u>Skaggs v. Elk Run</u>

10

MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

*Coal Co., Inc.*, 479 S.E.2d 561, 575 (W. Va. 1996). Indeed, "an employer's duty to accommodate an employee is triggered by an employee's recognized disability." *Andrew O. v. Racing Corp. of W. Va.*, No. 12-1255, 2013 WL 3184641, *6 (W. Va. 2013) (citing *Skaggs*, 479 S.E.2d 561). Because Burdette failed to show she is a qualified person with a disability, her claim of failure to accommodate fails to survive ALDI's Rule 12(b)(6) challenge and likewise must be dismissed. ALDI's motion to dismiss Count II is **GRANTED**. ECF No. 12.

### C. Count III – Workers' Compensation Discrimination / Retaliatory Discharge

To survive ALDI's Rule 12(b)(6) motion against Burdette's workers' compensation discrimination / retaliatory discharge claim, Burdette must establish "(1) an on-the-job injury was sustained; (2) proceedings were instituted under the Workers' Compensation Act, W. Va. Code, 23-1-1, *et seq.*; and (3) the filing of a workers' compensation claim was a significant factor in [ALDI's] decision to discharge or otherwise discriminate against [Burdette]." *Powell v. Wyoming Cablevision, Inc.*, 403 S.E.2d 717, 718 (W. Va. 1991). If the employee makes her requisite showing, the burden shifts to the employer to "prove a legitimate, nonpretextual, and nonretaliatory reason for the discharge." *Id.*

MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

Of course, circumstantial evidence can support the inference that the employee's filing of her workers' compensation claim was a significant factor in her termination. Anderson v. Consol. Coal Co., No. 1:11CV138, 2014 WL 4388288, *7 (N.D.W. Va. Sept. 5, 2014) (citation omitted). Circumstantial evidence that supports this inference includes the "proximity in time of the claim and the firing." Powell, 403 S.E.2d at 721. "[E]vidence of an actual pattern of harassing conduct for submitting the claim is very persuasive." Id.

Here, Burdette failed to show sufficient evidence to support the inference that filing her workers' compensation claim was a significant factor in her termination. To support this allegation, the amended complaint only states she "was engaged in filing for and/or receiving West Virginia Worker's Compensation benefits" and that her "discharge was proceeded [sic] by her filing and collection of West Virginia Worker's Compensation benefits, within a time period that retaliatory discharge can be inferred." ECF No. 11, Am. Compl. ¶¶ 41, 44. From the face of the Amended Complaint, it is difficult to determine whether Burdette was receiving worker's compensation benefits. While "Burdette [allegedly] consistently performed her duties in a satisfactory manner and met the reasonable expectations of the Defendant" and was eventually promoted to "Lead Store Associate," there are no

MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

allegations supporting her worders' compensation discrimination claim or that any time period can be offered as an inference to a retaliatory discharge. Id. ¶¶ 7-8. Therefore, ALDI's motion to dismiss is **GRANTED** as to Count III. ECF No. 12.

### D. Count IV – Violation of Family Medical Leave Act ("FMLA")

"FMLA entitles eligible employees to take '12 workweeks of leave' during a 12-month period for a qualifying 'serious health condition that makes the employee unable to perform the functions of' [her] job." Adkins v. CSX Transp., Inc., 70 F.4th 785, 795 (4th Cir. 2023) (quoting 29 U.S.C. § 2612(A)(1)(D)). "It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2).

To allege a prima facie case of FMLA interference is straightforward. A plaintiff must show "(1) that [she] is entitled to an FMLA benefit; (2) that [her] employer interfered with the provision of that benefit; and (3) that the interference caused [her] harm." Adkins v. CSX Transp., Inc., 10 F.4th 785, 796 (4th Cir. 2023).

To support this claim, Burdette alleges ALDI "failed to properly offer Plaintiff leave and then retaliated against her for needing time off work for medical issues" and also "unlawfully interfered with, restrained, and/or denied Plaintiff Burdette the

BURDETTE V. ALDI INC.                                                    1:22CV154

MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

exercise of her FMLA rights." ECF No. 11, Am. Compl. ¶¶ 49-50.
When put to the test, Burdette comes short of alleging she is
entitled to an FMLA benefit, that ALDI interfered with that
benefit, or that ALDI's interference caused her harm. Burdette's
statement that she "clearly pled that she had a serious health
condition" referencing her alleged hip, back, and knee pain does
not save her claim. ECF No. 15 at 10.

A "serious health condition" includes "continuing treatment
by a health care provider." 29 U.S.C. § 2611(11). "Incapacity and
treatment" as defined in the Code of Federal Regulations could
cover Burdette's claims if she had made a showing of

> a period of incapacity of more than three
> consecutive, full calendar days, and any
> subsequent treatment or period of incapacity
> relating to the same condition, that also
> involves: (1) [t]reatment two or more times,
> within 30 days of the first day of incapacity
> . . .; or (2) [t]reatment by a health care
> provider on at least one occasion, which
> results in a regimen of continuing treatment
> under the supervision of the health care
> provider.

29 C.F.R. § 825.115(a)(1-2). "Incapacity" means "inability to
work, attend school, or perform other regular daily activities due
to the serious health condition, treatment thereof, or recovery
therefrom." 29 C.F.R. § 825.113(b).

Burdette has failed to show that she has a serious health
condition under FMLA. While Burdette was allegedly receiving

MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

treatment from a medical professional, the amended complaint does not support any period of incapacity. When she was first injured, Burdette "received restrictions not to bend/stoop, kneel, or push. She was also limited to only carrying/lifting 6-10 lbs." ECF No. 11, Am. Compl. ¶ 12. However Burdette could still work after she sustained her first injury. When she was injured the second time, only then was Burdette ordered to not return to work. Id. ¶ 15. Burdette has not alleged any facts to support she received treatment two or more times within the first 30 days of the incapacity. The only timeline given begins on November 17, 2021, when Burdette visited a medical professional. Id. ¶ 15. She had a follow up visit on December 23, 2021, creating a lapse of 36 days between the first and second visit. Id. ¶¶ 15-16. Additionally, Burdette does not allege any facts to support receiving a regimen of continuing treatment under the supervision of a health care provider. She only sought treatment after the second injury and then had a follow up visit on December 23, 2021. Id. For these reasons, Burdette's claim of FLMA violation must be dismissed, and ALDI's motion is **GRANTED**. ECF No. 12.

### E. Count V – Wrongful Termination

"In West Virginia, an employment relationship of indefinite duration is 'presumed to be terminable at any time at the will of the employer or of the employee, with or without cause.'" Jackson

MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

v. Vaughn, No. 1:15CV128, 2015 WL 6394510, *2 (N.D.W. Va. Oct. 22, 2015) (Keeley, J.) (citation omitted).   However, "the absolute right to discharge an at will employee must be tempered by the further principle that where the employer's motivation for the discharge contravenes some substantial public policy principle, then the employer may be liable to the employee for damages occasioned by the discharged." Harless v. First Nat. Bank in Fairmont, 246 S.E.2d 270, 275 (W. Va. 1978). If the public policy "is enforceable by a statutory cause of action," then filing a Harless claim is excessive. Jackson at *3.   "When a statutory scheme provides a private cause of action to ensure compliance with its underlying public policy objectives, that statutory cause of action cannot be displaced by a Harless style common law tort action." Id. (citation omitted). Specifically, "federal courts in West Virginia have repeatedly held that a plaintiff cannot maintain both a Harless-based common law action and a WVHRA claim based on the same conduct." Romans v. Wayne Cnty. Comm'n, No. 3:20-0797, 2021 WL 4005614, *5 (S.D.W. Va. 2021) (citing Adkins v. Cello P'ship, Inc., No. 3:17-2772, 2017 WL 2961377, at *3 (S.D.W. Va. 2017)) (internal quotation marks omitted); see also Seavolt v. Variform, Inc., No. 3:19-CV-136, 2020 WL 6146574, *7 (N.D.W. Va. 2020) (granting, in part, a motion for judgment on the pleadings because "West Virginia federal

MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

district courts have repeatedly found that a plaintiff cannot maintain a Harless-type common law action and a WVHRA claim based on the same conduct.") (citing Adkins at *3).

Here, Burdette's wrongful termination claim is preempted by WVHRA. Burdette only alleges that "[ALDI] based [its] decision to terminate [her] at least in part due to her injury, filing of Worker's Compensation, and her request for an accommodation." ECF No. 11, Am. Compl. ¶ 53. This allegation is identical to claims I and II, which are her WVHRA claims. WVHRA establishes a public policy and provides a private cause of action for plaintiffs when properly pleaded. WVHRA preempts Burdette's Harless claim; therefore, it is dismissed and ALDI's motion is **GRANTED**. ECF No. 12.

## F. Count VI – Tort of Outrage / Intentional Infliction of Emotional Distress

Burdette alleges intentional infliction of emotional distress or the tort of outrage against ALDI. ECF No. 11, Am. Compl. ¶¶ 56-61. "An intentional infliction of emotional distress claim requires that a plaintiff suffer severe emotional distress in order to be successful." Councell v. Homer Laughlin China Co., 823 F.Supp.2d 370, 383 (N.D.W. Va. 2011) (Stamp, J.) (cleaned up). Evidence of outrageous conduct must also be alleged. Id. at 384. "Additionally, the actual act of terminating an employee for an

MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

invidious cause cannot be grounds for 'outrageous' conduct under West Virginia law." Id. (quoting syl. pt. 2, Dzinglski v. Weirton Steel Corp., 445 S.E.2d 219 (W. Va. 1994)).

Notwithstanding whether Burdette proved her prima facie case of intentional infliction of emotional distress ("IIED"), which the Court finds she did not, the tort of IIED is barred by the West Virginia Workers' Compensation Act ("WCA"). WCA provides immunity to employers "from all tort negligence actions by employees for injuries, including emotional distress, that occur 'in the course of and resulting from employment.'" Councell v. Homer Laughlin China Co., 823 F.Supp.2d 370, 384 (N.D.W. Va. 2011) (quoting Bias v. Eastern Associated Coal Corp., 640 S.E.2d 540 (W. Va. 2006)). "Emotional distress [that] results from termination from employment does . . . result [from] employment," and, therefore, it would fall under the immunity provision. Id. There are exceptions to employer immunity, but the exceptions are narrow. Id. One exception is "'when an employer has deliberately intended to cause injury or death to an employee.'" Id. (internal quotations omitted). For a claim of intentional infliction of emotional distress to meet this exception, a plaintiff must make "a showing of an actual, specific intent and may not be satisfied by allegation or proof of: (A) conduct which produces a result that was not specifically intended; (B) conduct which constitutes

MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

negligence, no matter how gross or aggravated; or (C) willful, wanton or reckless misconduct." <u>Weirton Health Partners, LLC v. Yates</u>, No. 5:09CV40, 2010 WL 785647, *6 (N.D.W. Va. Mar. 4, 2010) (quoting W. Va. Code § 23-4-2(d)(2)(A)). Broadly pleading intentional infliction of emotional distress is not enough to show an actual, specific intent. <u>Councell</u>, 823 F.Supp.2d at 384.

Here, Burdette has failed to meet her burden in pleading a claim for IIED and showing an exception to WCA applies. It remains undisputed that Burdette has not pleaded a deliberate intent claim against her employer, ALDI.

> W. Va. Code [] 23-2-6a [1949] extends the employer's immunity from liability set forth in W. Va. Code [] 23-2-6 [1991] to the employer's officer, manager, agent, representative or employee when he is acting in furtherance of the employer's business and does not inflict an injury with deliberate intention. Syllabus point 4, <u>Henderson v. Meredith Lumber Co., Inc.</u>, 190 W.Va. 292, 438 S.E.2d 324 (1993).

Syl. Pt. 1, <u>Wisman v. William J. Rhodes and Shamblin Stone, Inc.</u>, 447 S.E.2d 5 (W. Va. 1994). Burdette has not pleaded a deliberate intent claim against her employer, ALDI, and has therefore failed to allege the specific intent required under W. Va. Code § 23-4-2(d). Indeed, Burdette's claim for intentional infliction of emotional distress or the tort of outrage against ALDI "fails to allege that such action was undertaken with specific intent of

MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

causing [her] injury." <u>Brevard v. Racing Corp. of W. Virginia</u>, No. 2:19-cv-578, 2020 WL 1860713 at *7 (S.D.W. Va. Apr. 13, 2020). Burdette only contends "the actions against Plaintiff Burdette by Defendant . . . was done in an outrageous manner and was so extreme as to be intolerable in a civilized society" and "the wrongful employment acts and/or omissions taken against Plaintiff Burdette by Defendant, as set forth herein were [sic] done in an outrageous manner and were so extreme as to be intolerable in a civilized society." ECF No. 11, Am. Compl. ¶¶ 59-60. Such broad allegations do not overcome ALDI's Rule 12(b)(6) motion, nor do they rise to the level required under the immunity exception.   Therefore, Burdette's IIED claim against ALDI fails, and the motion to dismiss is **GRANTED** on this ground. ECF No. 12.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, ALDI's Motion to Dismiss is **GRANTED**. ECF No. 12. ALDI's request to strike Burdette's untimely response is **DENIED**. ECF No. 16. All claims are **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to enter judgment in favor of ALDI, consistent with this Memorandum Opinion and Order, and to **STRIKE** this case from the Court's active docket.

It is so **ORDERED**.

**BURDETTE V. ALDI INC.**                                             **1:22CV154**

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS**

The Clerk shall transmit copies of this Order to counsel of

record by electronic means.

**DATED:** September 11, 2023

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA